The opinion of the Court was delivered by
O’Neall, J.
The prisoner was indicted and convicted under the Statute 22 & 23 Car. 2, c. 7, for burning a house in the night time ; the punishment declared by it is, “ Every such offence shall be adjudged felony, and the offenders and every of them shall suffer as in case of felony.” 2 Stat. 521, § 2. The 3d section is a mere proviso, that no attainder for any of the offences made felony by virtue of this Act, shall make or work any corruption of blood, loss of dower, or disinheritance of heir or heirs. The 4th section provides, that “persons convicted of any the offences made felony by virtue of this Act as aforesaid, (to avoid judgment of death, or execution thereupon for such his offence,) shall make his election to be transported to any of his Majesty’s plantations;” and that judgment shall be given accordingly.
The question first made is, whether this Act, which was made of force in 1712, can now be enforced ? There is no doubt that the punishment of transportation cannot be enforced. In the State vs. Kirkpatrick, 2 Brev. 440, this circumstance was held not to be enough to defeat the operation of the statute. The same ruling was made in the State vs. *282 Dunnavant, 3 Brev. 9; and in the State vs. Grarey, tried before me at Newberry, Fall of 1838. See note,.3 Brev. 9.
At the instance of the prisoner’s counsel, we have considered the question, whether clergy is taken away from this offenceThe well settled rule is, “ that when a statute makes a new felony, clergy is incident thereunto, unless it be specially taken away by Act of Parliament” in Great Britain, or of the Legislature in this State. 2 Hale’s, P. C., Chap. 45, p. 330. The same is repeated in Hawkins, Book 2, Chap. 83, § 24.
These authorities from the greatest masters of the Criminal Law, are decisive of the question. For this is a new felony created by statute, and clergy is not expressly taken away. The argument that it is taken away rests upon implication merely, arising from the provision substituting transportation for judgment of death. It might well be, even in England, that if the prisoner refused to make this election, the Court must allow the clergy under the plain principle, that this was a new statutory felony, and that from it clergy had not been taken away. In this State, however, there can be no difficulty. For the clause allowing an election of transportation cannot be at all enforced, and hence it is the same as if struck out of the statute. This leaves the offender, to be punished “as in case of felony,” and then there can be no doubt clergy must be allowed. The proviso in the 3d section cannot make the punishment any more. For the same is found in Stat. 1 Jas. 1, c. 11, (2 Stat. 508,) making bigamy a felony, and declaring the offender “shall suffer death, as in case of felony.” Under it the offender convict has been always allowed clergy.
In the State vs. Garey, who was convicted of killing a horse in the night time, under the Stat. 22 & 23 Car. 2, c. 7, I held in 1833, that the prisoner was entitled to his clergy. So in a case in Walterboro’, several years ago, where a prisoner was convicted of burning an out-house or stable having fodder in it, I held that the prisoner was entitled to clergy.
*283 Eor burning a barn having corn in it, clergy is ousted by the ' Stat. of 28 Hen., 8, c. 1, (2 Stat. 459.)
In this case we are satisfied that the prisoner is entitled to his clergy.
The prisoner’s counsel requested, that if we, should obtain this conclusion his motion for a new trial might .be dismissed; it is accordingly so ordered, and the prisoner is adjudged guilty of a clergyable felony, and for that judgment will be awarded.
Wardlaw, WITHERS, Whitner, Glover and Munro, JJ., concurred.